UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| ERIC FLORES, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 1:15-cv-223-jgm |
| : | |
| UNITED STATES ATTORNEY GENERAL, : | |
| FEDERAL BUREAU of INVESTIGATION, : | |
| : | |
| Defendants. : | |
| _____ : | |

OPINION AND ORDER
(Doc. 1)

Plaintiff Eric Flores, proceeding pro se, brings this action seeking declaratory and injunctive relief against the United States Attorney General, the Federal Bureau of Investigation, and unnamed government employees, alleging First Amendment violations. Flores moves to proceed in forma pauperis. (Doc. 1.) Because the financial affidavit in support of the motion meets the requirements of 28 U.S.C. § 1915(a), the motion for leave to proceed in forma pauperis is granted. For the following reasons, however, the case is dismissed with prejudice.

Discussion

Under 28 U.S.C. § 1915, "the court shall dismiss [a] case [filed in forma pauperis] at anytime if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Flores seeks to allege claims against an "organized group of executive employees of the federal government" that directed satellite transmissions at him and other members of his family by use of:

> advanced technology with a direct signal to [a] satel[l]ite in outerspace that has the capability of calculat[]ing genetic code to cause [the subject individual] severe [mental or physical] pain for long durations exceeding calendar years.

(Doc. 1-1 at 8 & passim.) Flores' 65-page proposed Complaint (Doc. 1-1) is almost identical to the

64-page complaint he filed in this Court on April 9, 2015.  Compare Doc. 1-1 with Complaint, Flores v. U.S. Attorney Gen., No. 2:15-cv-84 (D. Vt. Apr. 9, 2015) (Doc. 3) (page 17 of Flores' current complaint is blank).  That complaint was dismissed with prejudice.  Opinion and Order & Judgment, Flores v. U.S. Attorney Gen., No. 2:15-cv-84 (D. Vt. May 12, 2015) (Docs. 2, 4).

  Pro se litigants are afforded a liberal pleading standard.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  There are, however, limits to how often a court can be asked to review the same allegations against the same parties.  The doctrine of res judicata recognizes that limitation and bars "later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties . . . , and (4) involving the same cause of action." EDP Med. Comput. Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks and citation omitted).  A district court may raise the issue of res judicata sua sponte, Doe v. Pfrommer, 148 F.3d 73, 80 (2d Cir. 1998), and the doctrine of res judicata applies to pro se litigants. See Austin v. Downs, Rachlin & Martin, 270 F. App'x 52 (2d Cir. 2008); see also Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002) (affirming res judicata dismissal of an in forma pauperis action previously dismissed for failure to state a claim under 28 U.S.C. § 1915(e)).  Because Flores attempts to assert the same cause of action against the same parties that this Court has already decided in a final judgment on the merits, res judicata bars Flores from relitigating the same claims.  Accordingly, Flores' complaint is dismissed with prejudice.

  Flores has alleged these or similar claims numerous times in this Court.  See Flores v. U.S. Attorney Gen., No. 2:15-cv-84 (D. Vt. Apr. 9, 2015); Flores v. U.S. Attorney Gen., No. 2:13-cv-226 (D. Vt. Sept. 24, 2013); Flores v. U.S. Attorney Gen., No. 5:13-cv-33 (D. Vt. Mar. 12, 2013); Flores v. U.S. Attorney Gen., No. 5:13-cv-7 (D. Vt. Jan. 16, 2013).  Flores' similar claims filed in other courts have been uniformly dismissed as frivolous and he has been barred from filing anything

further without permission of a district court judge because of his "lengthy history of vexatious filings." Flores v. McDoug, No. EP-11-cv-260, 2011 WL 2729192, at *1 (W.D. Tex. July 12, 2011) (listing prior cases and issuing litigation bar).

A district court has discretion to impose sanctions against litigants who abuse the judicial process. Robert v. Dep't of Justice, 439 F. App'x 32, 34 (2d Cir. 2011). Indeed, in the face of "multiplicitous" and/or "baseless" litigation, a district court "not only may but should protect its ability to carry out its constitutional functions." Safir v. U.S. Lines Inc., 792 F.2d 19, 23 (2d Cir. 1986). Accordingly, Flores is warned that additional attempts to file frivolous or vexatious litigation in this Court may expose him to the imposition of penalties, such as monetary sanctions and filing injunctions.

## CONCLUSION

For the reasons set forth above, upon conducting the review required under 28 U.S.C. § 1915(a)(1) and 1915(e)(2), Flores' motion to proceed in forma pauperis (Doc. 1) is GRANTED, and this case is DISMISSED WITH PREJUDICE. The Court hereby certifies that any appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 5th day of November, 2015.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge